STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

UNIFIED CRIMINAL DOCKET
No. CR-14-5642

STATE OF MAINE

2015 APR 30 AM 8 59

v.                                                    ORDER

MOHAMED ABDULRAHMAN,

     Defendant

Before the court is defendant Mohamed Abdulrahman's motion to suppress certain evidence obtained as a result of a pat down search conducted on August 26, 2014. A hearing on that motion was held on April 17, 2015.

Abdulrahman's motion to suppress was originally also directed at certain statements made on August 26. At the April 17 hearing counsel for Abdulrahman withdrew his motion with respect to the statements he made to police officers on the street and with respect to statements he made to Officer Beal in the downstairs interview room at the police station.

Abdulrahman is also seeking to suppress statements he made during a subsequent interview with Detective Dunham at the police station. As to that interview, counsel for Abdulrahman withdrew his challenge as to voluntariness and counsel for the State agreed that the Dunham interview would not be used in the State's direct case.

With respect to the evidence obtained after the pat-down search, the court finds as follows:

Around 12:30am on August 26, four uniformed Portland police officers (Officers Turner, Beal, Morrison, and Hodgdon) were in an unmarked car when they received a radio transmission reporting a sexual assault in the area of Deering Oaks Park. The alleged assailant was described

as an African American male wearing a sports ball cap, shorts, blue sneakers, and a red and blue striped shirt.

They responded to the scene and saw a man matching the description of the alleged assailant at the corner of Park Avenue and High Street at the southeast corner of Deering Oaks Park. The officers approached the man, who was with a group of people. Officers Beal, Hodgdon, and Turner spoke to the man, who identified himself as Mohammed Abdulrahman.[1] Officer Morrison spoke to other persons in the group. The officers asked Abdulrahman for his identification, but he said that he had no identification with him.

Shortly afterward Sergeant Farris arrived on the scene. The unmarked car carrying the four officers did not have a dashboard camera, but Sergeant Farris's vehicle had a dashboard camera which captured some of the interaction between the officers and Abdulrahman from the time that Sergeant Farris arrived. Sergeant Farris also had a body microphone that provided a simultaneous audio recording of voices in Sergeant's Farris's presence.[2]

During the portion of the interaction with Abdulrahman that was captured on Sergeant Farris's dashcam, from the time that Sergeant Farris arrived until the pat-down search that is the subject of the instant motion, the officers who spoke to Abdulrahman were Officer Beal and Sergeant Farris. Officer Turner stayed in the background until he stepped forward to conduct the pat-down search. If Officer Hodgdon remained present while the other officers spoke with

---

[1] At the hearing counsel for Abdulrahman conceded that the officers had a reasonable articulable suspicion to approach and question Abdulrahman because he appeared to match the description that had been given of the suspect.

[2] A dashcam video from the Farris vehicle was admitted into evidence at the April 17 hearing as Defendant's Exhibit 1. Because the video submitted on April 17 turned out to be the wrong video, counsel for defendant agreed that counsel for the State would substitute the correct video. That has been done and the substituted video has been admitted and marked as Court Exhibit IA.

Abdulrahman, Hodgdon stood farther back and can neither be seen nor heard on the dashcam video.

During his interaction with the officers in the street, Abdulrahman was nervous but cooperative. He was not handcuffed or restrained and moved around while the officers questioned him as to whether he had had any interaction with the alleged victim. During his discussion with the officers, Abdulrahman was talkative, discussing among other things the medications he was on, his medical conditions, and the fact that he was homeless. He denied having any involvement with the alleged victim of the sexual assault.

The officers did not immediately seek to pat Abdulrahman down. Originally, Abdulrahman kept his hands in view. As the questioning proceeded, however, Abdulrahman intermittently placed his hands behind his back where the officers could not see them. Officer Samuel Turner was aware that one of the persons who had been in the group with Abdulrahman was known to carry weapons. Turner decided to pat Abdulrahman down for weapons. This occurred approximately seven minutes after Sergeant Farris arrived on the scene and approximately 10 minutes after the officers first approached Abdulrahman on the street.

Until shortly before the pat-down search, Sergeant Farris's microphone captured most of the interaction between Abdulrahman and the officers who spoke to Abdulrahman. Shortly before Turner undertook to pat Abdulrahman down, however, Sergeant Farris moved away to make a call on his cellphone. As a result, there is no audio recording of the events that occurred during the pat down search except for an initial question by Turner asking Abdulrahman whether he had any weapons. The pat down search appears on the video, and the court's findings are based on the video and on Officer Turner's testimony.

Turner told Abdulrahman that he was not under arrest – which Abdulrahman had previously also been told by Officer Beal – but that Turner was going to undertake a pat down search for weapons. Without any hesitation Abdulrahman put his hands behind his head, and Turner then patted him down. In the pocket of Abdulrahman's shorts Turner felt an object that felt like an ID card. Suspicious because Abdulrahman had previously stated that he was not carrying any identification, Turner asked Abdulrahman if it was okay to remove the object, and Abdulrahman said yes. Turner then removed what turned out to be an EBT card and several other cards that bore the name of Caitlyn Croston. Caitlyn Croston is the alleged victim of the sexual assault with which Abdulrahman is charged. Although Turner did not know her name at that time, he had been informed that the alleged victim's purse had been stolen, so he retained the cards.

The legitimacy of an investigatory detention requires a two step analysis – first, whether an investigatory stop was justified at its inception and second, whether the subsequent action taken was reasonably related in scope to the circumstances which justified the stop. *State v. Storey*, 1998 ME 161 ¶ 12, 713 A.2d 331, *citing Terry v. Ohio*, 392 U.S. 1, 20 (1968). Given that there is no dispute that the officers had a reasonable articulable suspicion sufficient to justify the initial stop of Abdulrahman, this case involves the second step in the analysis. In this connection the specific issues before the court are whether the detention lasted longer than necessary before the pat-down search was conducted, the validity of the pat-down search itself, and whether there was a valid basis for the removal of the cards from Abdulrahman's pocket. The State has the burden of proof by a preponderance of the evidence on these issues.

The investigatory detention and pat-down search of Abdulrahman is governed by the Supreme Court's decision in *Terry,* 392 U.S. at 20-23 (1968). An investigatory detention must be

4

temporary and last no longer that necessary to effectuate the purpose of the stop, taking into account whether the officers were diligent in pursuing their investigation. *United States v. Sharpe*, 470 U.S. 675, 684-85 (1984); *State v. Donatelli*, 2010 ME 43 ¶ 17, 995 A.2d 238.

In this case the officers had approached Abdulrahman based on a report of a serious crime, a sexual assault. Where Abdulrahman did not produce identification and said he was homeless, the officers were justified in detaining him while they confirmed the description given by the alleged victim and other witnesses and while they asked Abdulrahman if ha had had any interaction with the alleged victim that evening. The officers were not detaining Abdulrahman unnecessarily and did not show any lack of diligence. The Supreme Court's decision in *Sharpe* demonstrates that there is no fixed time limit on the length of a *Terry* stop, 470 U.S. at 685, and the time from the initial approach to the pat-down search in this case does not approach the length of time that might constitute a de facto arrest.

With respect to the pat-down search itself, law enforcement officers are entitled to take such steps as are reasonably necessary to protect their personal safety, *State v. Kirby*, 2005 ME 92 ¶ 12, 878 A.2d 499, and are expressly entitled to undertake pat-down searches for weapons under *Terry*, 392 U.S. at 29-30. In this case Abdulrahman was a suspect in a recent violent crime who had been stopped on the street in the early hours of the morning in the company of at least one person known to carry weapons. At various times during the course of his discussions with the officers, moreover, Abdulrahman placed his hands his back where the officers could not see them. Although Officer Turner did not conduct the pat-down search for weapons until approximately 10 minutes had passed, there is no basis in law or logic to conclude that officers must immediately undertake a pat-down search or lose their ability to do so, so long as there is a sufficient basis to undertake a protective search for weapons at the time that search is conducted.

While there is ample justification for the investigatory detention and the pat-down search in this case, the remaining question is whether the State has demonstrated that Officer Turner was entitled to remove the cards belonging to Caitlyn Croston from Abdulrahman's pocket. Since the cards did not feel like weapons or contraband, the State cannot rely on *Terry* to justify the removal of those cards from Abdulrahman's pocket. *See State v. Storey*, 1998 ME 161 ¶ 16. In this case the basis relied upon by the State is Abdulrahman's consent.

Where the State relies upon consent, it has the burden of proving that Abdulrahman's consent was voluntarily given. *State v. Ullring*, 1999 ME 183 ¶ 10, 741 A.2d 1065, *citing Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). In this case the State proved that Abdulrahman orally gave his consent to the removal of the cards from his pocket and that his consent was not the product of duress or coercion.

In this connection, the officers had not displayed any weapons or handcuffed Abdulrahman or otherwise subjected him to a sufficient show of force or authority that might suggest that his consent was coerced. Just because there were three or four officers involved in the interaction with Abdulrahman does not mean that Abdulrahman's consent was not voluntarily obtained. *See State v. Donatelli*, 2010 ME 43 ¶¶ 7, 14, 18. Throughout his interaction with the officers, Abdulrahman was very forthcoming and appeared to be trying to allay any suspicion by being cooperative. When he was asked to submit to a pat-down search, he immediately complied and put his hands behind his head. His voluntary consenti when Turner asked if Turner could remove an object that felt like an identification card from his pocket was entirely consistent with Abdulrahman's behavior during his interaction with the officers.

Defendant's motion to suppress the evidence found in the pat-down search is denied.

Dated: April 29, 2015

Thomas D. Warren
Justice, Superior Court

STATE OF MAINE
vs
MOHAMED ABDULRAHMAN
131 EBEN HILL DRIVE
PORTLAND ME 04103

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No    CUMCD-CR-2014-05642

**DOCKET RECORD**

DOB: 08/02/1986
Attorney:    VERNE PARADIE                                State's Attorney:    STEPHANIE ANDERSON
             PARADIE SHERMAN WALKER & WORDEN
             11 LISBON ST SUITE 202
             LEWISTON ME 04240
             APPOINTED 08/27/2014

Filing Document:    CRIMINAL COMPLAINT                    Major Case Type:  FELONY (CLASS A,B,C)
Filing Date:        08/27/2014

**Charge(s)**

1   GROSS SEXUAL ASSAULT                                    08/26/2014      PORTLAND
Seq 4262          17-A  253(1)(A)           Class A
DUNHAM                              /     POR
2   THEFT BY UNAUTHORIZED TAKING OR TRANSFER               08/24/2014      PORTLAND
Seq 8423          17-A  353(1)(A)           Class E
DUNHAM                              /     POR
3   FURNISH LIQUOR TO A MINOR                              08/26/2004      PORTLAND
Seq 9854          28-A  2081(1)(A)(1)       Class D     Charged with INDICTMENT on Supplemental Filing.
DUNHAM                              /     POR
4   UNLAWFUL SEXUAL CONTACT                                08/26/2014      PORTLAND
Seq 8410          17-A  255-A(1)(O)         Class C     Charged with INFORMATION on Supplemental Filing.
DUNHAM                              /     POR

**Docket Events:**

08/27/2014 FILING DOCUMENT - CRIMINAL COMPLAINT FILED ON 08/27/2014

08/27/2014 Charge(s):  1,2
           HEARING - INITIAL APPEARANCE SCHEDULED FOR 08/27/2014 at 01:00 p.m. in Room No. 1

           NOTICE TO PARTIES/COUNSEL
08/28/2014 Charge(s):  1,2
           HEARING - INITIAL APPEARANCE HELD ON 08/27/2014
           WILLIAM  BRODRICK , JUSTICE
           DA: JENNIFER ACKERMAN
           Defendant Present in Court
           TAPE 6317
08/28/2014 Charge(s):  1,2
           PLEA - NO ANSWER ENTERED BY DEFENDANT ON 08/27/2014
           WILLIAM  BRODRICK , JUSTICE
08/28/2014 BAIL BOND - $25,000.00 CASH BAIL BOND SET BY COURT ON 08/27/2014
           WILLIAM  BRODRICK , JUSTICE
           NO CONTACT: KATELYNN CROSTON 3/31/1996
08/28/2014 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 08/27/2014

08/28/2014 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 08/27/2014
           WILLIAM  BRODRICK , JUSTICE
           COPY TO PARTIES/COUNSEL
08/28/2014 Party(s):    MOHAMED ABDULRAHMAN
           ATTORNEY - APPOINTED ORDERED ON 08/27/2014

           Attorney: VERNE PARADIE
08/28/2014 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 11/12/2014 at 08:30 a.m. in Room No. 7

08/28/2014 Charge(s): 1,2

TRIAL - JURY TRIAL SCHEDULED FOR 12/08/2014 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL

10/15/2014 Charge(s): 1,2,3

SUPPLEMENTAL FILING - INDICTMENT FILED ON 10/10/2014

JAMES TURCOTTE , ASSISTANT CLERK

10/15/2014 Charge(s): 1,2,3

HEARING - ARRAIGNMENT SCHEDULED FOR 10/24/2014 at 01:00 p.m. in Room No. 1

10/15/2014 Charge(s): 1,2,3

HEARING - ARRAIGNMENT NOTICE SENT ON 10/15/2014

JAMES TURCOTTE , ASSISTANT CLERK

10/27/2014 Charge(s): 1,2,3

HEARING - ARRAIGNMENT HELD ON 10/24/2014

THOMAS D WARREN , JUSTICE

DA: ANNE BERLIND

DEFENDANT INFORMED OF CHARGES. 21 DAYS TO FILE MOTIONS          TAPE #6555

10/27/2014 Charge(s): 1,2,3

PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 10/24/2014

10/27/2014 BAIL BOND - CASH BAIL BOND CONTINUED AS SET ON 10/24/2014

THOMAS D WARREN , JUSTICE

11/12/2014 HEARING - DISPOSITIONAL CONFERENCE HELD ON 11/12/2014

PAUL E EGGERT , JUDGE

Attorney: VERNE PARADIE

DA: STEPHANIE ANDERSON

DISCOVERY ISSUES. MOTION'S FILED AND SCHEDULED 12-2-14 @ 1:00 P.M. PARTIES NOTIFIED. JURY SELECTION SET 1-12-15.

11/12/2014 Charge(s): 1,2

TRIAL - JURY TRIAL CONTINUED ON 11/12/2014

11/12/2014 TRIAL - JURY TRIAL SCHEDULED FOR 01/12/2015 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL

11/12/2014 TRIAL - JURY TRIAL NOTICE SENT ON 11/12/2014

11/12/2014 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 11/12/2014

EVIDENCE

11/12/2014 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 12/02/2014 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL

11/12/2014 MOTION - MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 11/12/2014

11/12/2014 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 12/02/2014 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL

11/13/2014 HEARING - MOTION TO SUPPRESS STATEMENT NOTICE SENT ON 11/13/2014

11/13/2014 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 11/13/2014

12/03/2014 HEARING - MOTION TO SUPPRESS STATEMENT CONTINUED ON 12/02/2014

        JOYCE A WHEELER , JUSTICE

        Attorney: VERNE PARADIE

        DA: STEPHANIE ANDERSON

        CONTINUED FOR PLEA 1-9-15 AT 8:30AM

12/03/2014 HEARING - MOTION TO SUPPRESS CONTINUED ON 12/02/2014

        JOYCE A WHEELER , JUSTICE

        Attorney: VERNE PARADIE

        DA: STEPHANIE ANDERSON

        CONTINUED TO 1-9-15 AT 8:30AM PLEA BY AGREEMENT OF PARTIES

12/03/2014 Charge(s): 1,2,3

        HEARING - RULE 11 HEARING SCHEDULED FOR 01/09/2015 at 08:30 a.m. in Room No. 7

        NOTICE TO PARTIES/COUNSEL

12/03/2014 Charge(s): 1,2,3

        HEARING - RULE 11 HEARING NOTICE SENT ON 12/02/2014

        KRISTINA JOYCE , ASSISTANT CLERK

01/09/2015 Charge(s): 1,2,3

        HEARING - RULE 11 HEARING NOT HELD ON 01/09/2015

        TO REMAIN ON JS LIST

01/09/2015 Charge(s): 1,2,3

        MOTION - MOTION TO CONTINUE GRANTED ON 01/09/2015

        JOYCE A WHEELER , JUSTICE

        COPY TO PARTIES/COUNSEL

01/09/2015 TRIAL - JURY TRIAL CONTINUED ON 01/09/2015

        JOYCE A WHEELER , JUSTICE

01/12/2015 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 02/03/2015 at 01:00 p.m. in Room No. 1

        NOTICE TO PARTIES/COUNSEL

01/12/2015 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 01/12/2015

        JAMES TURCOTTE , ASSISTANT CLERK

01/12/2015 Charge(s): 1,2,3

        TRIAL - JURY TRIAL SCHEDULED FOR 02/09/2015 at 08:30 a.m. in Room No. 11

        NOTICE TO PARTIES/COUNSEL

01/12/2015 Charge(s): 1,2,3

        TRIAL - JURY TRIAL NOTICE SENT ON 01/12/2015

        JAMES TURCOTTE , ASSISTANT CLERK

01/29/2015 Charge(s): 1,2,3

        MOTION - MOTION TO CONTINUE FILED BY STATE ON 01/29/2015

        DA: STEPHANIE ANDERSON

        MOTION TO CONTINUE MOTION HEARING 2-3-15. DEFENDANT DOES NOT OBJECT

01/29/2015 Charge(s): 1,2,3

        MOTION - MOTION TO CONTINUE GRANTED ON 01/29/2015

        ROLAND A COLE , JUSTICE

        COPY TO PARTIES/COUNSEL

01/29/2015 HEARING - MOTION TO SUPPRESS CONTINUED ON 01/29/2015

        ROLAND A COLE , JUSTICE

01/29/2015 Charge(s): 1,2,3

TRIAL - JURY TRIAL CONTINUED ON 01/29/2015

01/29/2015 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 03/03/2015 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
01/29/2015 HEARING - MOTION TO SUPPRESS STATEMENT NOTICE SENT ON 01/29/2015

01/29/2015 Charge(s): 1,2,3
TRIAL - JURY TRIAL SCHEDULED FOR 03/09/2015 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
01/29/2015 Charge(s): 1,2,3
TRIAL - JURY TRIAL NOTICE SENT ON 01/29/2015

03/03/2015 HEARING - MOTION TO SUPPRESS STATEMENT CONTINUED ON 03/03/2015

03/03/2015 Charge(s): 1,2,3
TRIAL - JURY TRIAL CONTINUED ON 03/03/2015

03/03/2015 Charge(s): 1,2,3
TRIAL - JURY TRIAL SCHEDULED FOR 03/23/2015 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
03/03/2015 Charge(s): 1,2,3
TRIAL - JURY TRIAL NOTICE SENT ON 03/03/2015

03/05/2015 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 03/10/2015 at 09:00 a.m. in Room No. 11
THOMAS D WARREN , JUSTICE
NOTICE TO PARTIES/COUNSEL
03/05/2015 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 03/05/2015

03/05/2015 HEARING - MOTION TO SUPPRESS NOT HELD ON 03/05/2015

ATTY IN TRIAL
03/12/2015 HEARING - RULE 11 HEARING SCHEDULED FOR 03/17/2015 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
03/12/2015 HEARING - RULE 11 HEARING NOTICE SENT ON 03/12/2015

03/16/2015 MOTION - MOTION TO CONTINUE FILED BY STATE ON 03/16/2015

TO CONTINUE HEARING 3-17-15. UNOPPOSED.
03/16/2015 MOTION - MOTION TO CONTINUE GRANTED ON 03/16/2015
ROLAND A COLE , JUSTICE
COPY TO PARTIES/COUNSEL
03/18/2015 HEARING - RULE 11 HEARING NOT HELD ON 03/16/2015

03/18/2015 Charge(s): 1,2,3
TRIAL - JURY TRIAL CONTINUED ON 03/16/2015
ROLAND A COLE , JUSTICE
03/18/2015 HEARING - MOTION TO SUPPRESS STATEMENT SCHEDULED FOR 04/07/2015 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
03/18/2015 TRIAL - JURY TRIAL SCHEDULED FOR 04/27/2015 at 08:30 a.m. in Room No. 7

NOTICE TO PARTIES/COUNSEL
03/18/2015 HEARING - MOTION TO SUPPRESS STATEMENT NOT HELD ON 03/18/2015

03/26/2015 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 04/17/2015 at 01:00 p.m. in Room No. 7

NOTICE TO PARTIES/COUNSEL
03/26/2015 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 03/26/2015

04/17/2015 Charge(s): 4
SUPPLEMENTAL FILING - INFORMATION FILED ON 04/17/2015

DA: MEGAN ELAM
04/17/2015 HEARING - MOTION TO SUPPRESS HELD ON 04/17/2015

THOMAS D WARREN , JUSTICE
Attorney: VERNE PARADIE
DA: MEGAN ELAM
DEFENSE SUBMITS EXHIBIT 1. STATE CALLS OFFICER SAMUEL TURNER. CROSS EXAMINATION BY DEFENSE. STATE RESTS. DEFENSE RESTS. JURY SELECTION TO BE SET A MONTH AFTER RULING ON MOTION TO SUPPRESS.
04/17/2015 TRIAL - JURY TRIAL CONTINUED ON 04/17/2015

THOMAS D WARREN , JUSTICE
04/17/2015 CASE STATUS - CASE FILE LOCATION ON 04/17/2015

IN JUSTICE WARREN'S CHAMBERS.
04/30/2015 CASE STATUS - CASE FILE RETURNED ON 04/30/2015

04/30/2015 MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 04/17/2015

THOMAS D WARREN , JUSTICE
04/30/2015 MOTION - MOTION TO SUPPRESS STATEMENT WITHDRAWN ON 04/17/2015

04/30/2015 MOTION - MOTION TO SUPPRESS DENIED ON 04/30/2015

THOMAS D WARREN , JUSTICE
COPY TO PARTIES/COUNSEL
04/30/2015 ORDER - COURT ORDER FILED ON 04/30/2015

THOMAS D WARREN , JUSTICE
DEFENDANT'S MOTION TO SUPPRESS THE EVIDENCE FOUND IN THE PAT-DOWN SEARCH IS DENIED.
04/30/2015 TRIAL - JURY TRIAL SCHEDULED FOR 06/08/2015 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
04/30/2015 TRIAL - JURY TRIAL NOTICE SENT ON 04/30/2015

A TRUE COPY
ATTEST: _____
      Clerk